## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF GEORGIA
## WAYCROSS DIVISION

NICHOLAS PENNELL,

      Plaintiff,

    v.

SOUTHEASTERN GROCERS, INC. d/b/a
HARVEYS SUPERMARKET,

      Defendant.

CIVIL ACTION NO.: 5:24-cv-16

## **<u>PROTECTIVE ORDER</u>**

This matter is before the Court on the parties' Joint Motion for Protective Order.   Doc. 16. Having fully considered the parties' Motion and for good cause shown, the Court **GRANTS** the parties' Motion, subject to the following modifications:

(1)   The Court and its authorized personnel are not parties to the agreement and are not bound by its terms;

(2)   Nothing in this Protective Order shall be construed as relieving any party from the obligation imposed by Local Rule 79.7 to file a motion seeking the sealing of confidential documents; and

(3)   Nothing in this Protective Order shall be construed as limiting the Court's discretion to determine whether evidence should be protected from public disclosure in contravention of the strong presumption in favor of access to court records.

It is further **ORDERED**:

I.    **Scope.**  As used in this Order, "documents" means all documents produced by any party in the course of discovery, all responses to discovery requests, and all deposition transcripts and exhibits.  This Order does not affect the parties' use of their own information and documents in their possession obtained other than by discovery in this litigation.

II.    **Form and Timing of Designation.**  Confidential documents shall be so designated by affixing the word "CONFIDENTIAL" on the document in a manner that will not interfere with the legibility of the document and will permit complete removal of the confidential designation.  Documents shall be designated confidential prior to, or contemporaneously with, their production or disclosure.  Inadvertent or unintentional production of documents without prior designation as confidential shall not be deemed a waiver of the right to designate documents confidential as otherwise allowed by this Order.

III.    **Documents That May Be Designated Confidential.**  The parties may designate as confidential documents containing:

1.    Information protected from disclosure by statute;

2.    Social Security numbers;

3.    Documents and information obtained from any health care provider, health plan, or other entity covered by the Health Insurance Portability and Accountability Act of 1996, Pub. L. No. 104-191, 110 Stat. 1936 (1996) ("HIPAA");

4.    Documents containing "protected health information," as set forth in 45 C.F.R. §§ 160.103 and 164.501;

5.    Financial information;

6.    Documents containing or referencing a non-party's sensitive employment, financial, or medical information;

7.      Information received in confidence from third parties; and

8.      Information which the producing party otherwise believes in good faith to be entitled to protection under Rule 26(c)(1)(G)–(H) of the Federal Rules of Civil Procedure, without prejudice to the right to de-designate such information, document, thing, or portion of any document or thing, if appropriate.

No information in the public domain or is already known by the receiving party through proper means or is or becomes available to a party from a source other than the party asserting confidentiality, rightfully in possession of such information on a non-confidential basis, shall be deemed or considered to be confidential material under this Discovery Confidentiality Order.

**IV.     Depositions.**  Portions of depositions shall be deemed confidential only if designated as such when the deposition is taken or within 30 business days after receipt of the transcript.  No such deposition transcript shall be disclosed to any individual other than the individuals described in § VII(B) and the deponent during these 30 days, and no individual attending such deposition shall disclose the contents of the deposition to any individual other than those described in § VII(B) and the deponent during said 30 days.  Such designation shall be carefully limited to the specific portions entitled to protection.  Upon being informed certain portions of a deposition are to be designated as Confidential, all parties shall immediately cause each copy of the transcript in its custody or control to be appropriately marked and limit disclosure of that transcript in accordance with § VII(A) and (B).

**V.     Protection of Confidential Material.**

**A.      General Protections.**  Documents designated confidential under this Order shall not be filed with the Clerk of Court unless the confidential information can reasonably be redacted (see subparagraph 8 below) or disclosed by the parties or

their counsel for any purposes other than preparing for and conducting this litigation (including any appeal).  All confidential material shall be used by the receiving party solely for purposes of the prosecution or defense of this action and shall not be disclosed by the receiving party to anyone other than those limited third-party disclosures set forth in § VII(B) (with respect to Confidential material), unless and until the restrictions herein are removed either by written agreement of counsel for the parties or by order of the Court.

B.    **Limited Third-Party Disclosures.**  The parties and their counsel shall not disclose, or permit the disclosure of, any documents designated confidential under the terms of this Order to any person or entity except as set forth below in subparagraphs 1 through 8.  This section does not govern the limited third-party disclosures of private health information, which is addressed in § C.

1.    Counsel for the parties (including any attorney at the parties' outside law firms and relevant in-house counsel) and their employees who have responsibility for the preparation and trial of the lawsuit;

2.    Parties, witnesses at deposition or trial, and persons who authored and/or received the documents in question during their course of their employment.  In the case of parties who are corporations or other business entities, "party" shall also include executives who are required to participate in decisions with reference to this lawsuit;

3.    Employees of the parties (for instance, secretarial, paralegal, clerical, duplicating, and data processing personnel) whose assistance is necessary for this litigation;

4.    Court reporters and videographers engaged for depositions, the Court, persons employed by the Court, jurors, third party neutral or neutrals agreed to by the parties or ordered by the Court, and individuals who photocopy documents for this litigation;

5.    Consulting and testifying experts;

6.    Any deponent who may be shown or examined on any information, document, or thing designated Confidential if it appears the witness authored or received a copy of it, was involved in the subject matter described therein, is employed by the party who produced the information, document, or thing, or if the producing party consents to such disclosure;

7.    Vendors retained by or for the parties to assist in preparing for pretrial discovery, trial, and/or hearings including, but not limited to, court reporters, litigation support personnel, jury consultants, individuals to prepare demonstrative and audiovisual aids for use in the courtroom or in depositions or mock jury sessions, as well as their staff, stenographic, and clerical employees whose duties and responsibilities require access to such materials; and

8.    Other persons upon electronic consent of the producing party, or upon order of the Court and on such conditions as agreed to or ordered.

C.    **Private Health Information.**  The parties agree no private health information disclosed or received in this litigation shall be disclosed to Defendant's store-based employees, nor shall Defendant's store-based employees have access to private health information disclosed or received in litigation.  Plaintiff's private

health information may only be disclosed to counsel for the parties and the legal department within Defendant's corporate office.  Counsel shall take all other reasonable steps to ensure persons receiving protected health information do not use or disclose such information for any purpose other than this litigation.

**VI.**    **Use and Disclosure of Confidential Information.**  Confidential material shall be used only by individuals permitted access to it under § VII(B).  Confidential material, copies thereof, and the information contained therein, shall not be disclosed in any manner to any other individual, until and unless (a) outside counsel for the party asserting confidentiality waives the claim of confidentiality, or (b) the Court orders such disclosure.

**VII.**    **Procedure for Objections.**  If counsel for a party receiving documents or information designated as Confidential hereunder objects to such designation of any or all of such items, the following procedure shall apply:

**A.**    Counsel for the objecting party shall serve on the designating party or third party a written objection to such designation, which shall describe with particularity the documents or information in question and shall state the grounds for objection.  Counsel for the designating party or third party shall respond in writing to such objection within 14 days and shall state with particularity the grounds for asserting the document or information is Confidential.  If no timely written response is made to the objection, the challenged designation will be deemed to be void.  If the designating party or nonparty makes a timely response to such objection asserting the propriety of the designation, counsel shall then confer in good faith in an effort to resolve the dispute.

**B.**    If a dispute as to a confidential designation of a document or item of information

6

cannot be resolved by agreement, the parties shall jointly contact chambers via telephone or email to schedule a telephonic status conference to discuss the dispute before filing a formal motion for an order regarding the challenged designation.  The document or information subject to filing shall be treated as originally designated pending resolution of the dispute.

**C.**      At all times, the designating party carries the burden of establishing the propriety of the designation.

**VIII.   Disclosure of Confidential Information at Trial or Hearing.**  If the need arises during trial or at any hearing before the Court for any party to disclose Confidential information, it may do so only after giving notice to the producing party and as directed by the Court.

**IX.      Inadvertent or Unintentional Disclosure of Privileged or Work-Product Protected Information.**  When the inadvertent or unintentional disclosure of any information, document, or thing protected by privilege or work-product immunity is discovered by the producing party and brought to the attention of the receiving party, the receiving party's treatment of such material shall be in accordance with Federal Rule of Civil Procedure 26(b)(5)(B).  Such inadvertent or unintentional disclosure of such information, document, or thing shall not by itself constitute a waiver by the producing party of any claims of privilege or work-product immunity.  However, nothing herein restricts the right of the receiving party to challenge the producing party's claim of privilege if appropriate within a reasonable time after receiving notice of the inadvertent or unintentional disclosure.

**X.       Protection of Rights.**  This Protective Order shall not deprive any party of its right to object to discovery by any other party or on any otherwise permitted ground.  This Protective Order is being entered without prejudice to the right of any party to move the Court for

modification or for relief from any of its terms or to seek a redesignation of material marked as Confidential.

**XI.     Filing of Confidential Documents.**  Before filing a document designated confidential, e.g., in support of a substantive motion, the filing party may first file a motion for leave to file the document under seal.  The Clerk of Court is not authorized to accept for filing any document designated as sealed without a Court order.  Absent extraordinary circumstances making prior consultation impractical or inappropriate, the filing party shall first consult with counsel for the designating party to determine if a measure less restrictive than filing the document under seal can provide adequate protection.  Any party seeking to file a document under seal must follow the Court's rules and procedures set forth in Local Rule 79.7 for the Southern District of Georgia.  At all times, the burden of demonstrating the document should be filed under seal is on the designating party.  If the Court denies the motion for leave to file a document designated Confidential under seal, the document can be filed on the public docket by any party.

 **A.     Control of Documents.**  Counsel for the parties shall make reasonable efforts to prevent unauthorized disclosure of documents designated as confidential and shall maintain a record of all persons who reviewed or were given access to the documents.

 **B.     Copies.**  All copies, duplicates, extracts, summaries, or descriptions (hereinafter referred to collectively as "copies") of documents designated as confidential, or any portion of such a document, shall be immediately affixed with the designation "CONFIDENTIAL" if the word does not already appear on the copy.  All such copies shall be afforded the full protection of this Order.

**XII.     Authorized Production and Disclosure of HIPAA-Protected Information.**  This Order

authorizes any party or third-party who is provided with a request for production of documents, subpoena, or commanding attendance at deposition or trial to disclose the protected health information in response to such request.  This Order is intended to authorize disclosures permitted by the privacy regulations issued pursuant to HIPAA.  45 C.F.R. § 164.512(e)(1)(i).  This Order prohibits the parties from using or disclosing the protected health information for any purpose other than this litigation.  Nothing in this Order shall preclude a party whose protected health information is sought from objecting to production based on relevancy or any other appropriate ground.  Nothing in this Order authorizes counsel to obtain medical records or protected health information through means other than formal discovery requests, subpoenas, and/or depositions.  Further, nothing in this Order authorizes counsel or anyone else to have *ex parte* conversations with Plaintiff's medical providers.

If a party objects to producing information and/or testifying at deposition or trial about information protected by HIPPA, the objecting party shall provide the other party and medical service provider written objection within five days of receipt of the request for information from any party or third party, or service of subpoena for trial or deposition.  In the event of an objection, the following procedures shall apply to any such challenge.

A.  The burden of proving the necessity and/or relevancy of the medical information or testimony remains with the moving party.

B.  The party who is moving for information protected by HIPAA, either as a document or testimony, shall then have seven days to determine if the dispute can be resolved without judicial intervention, and if not, to contact the Court to schedule a conference concerning the objection(s).

C.  The party and/or third party shall not produce any protected health information,

medical records, and/or documents, nor testify as to any medical treatment until the objection is resolved by the parties or the Court.

**D.**     Challenges to relevancy or otherwise are not waived by the failure to raise the challenge at the time of initial disclosure or designation.

**XIII.   Treatment on Conclusion of Litigation.**

**A.     Order Remains in Effect.**  All provisions of this Order restricting the use of documents designated confidential shall continue to be binding after conclusion of the litigation, unless otherwise agreed in writing or ordered by the Court.

**B.     Return of Confidential Documents.**  Within 30 days after conclusion of the litigation, including conclusion of any appeal, all documents treated as confidential under this Order, including copies as defined above, shall be returned to the producing party upon the producing party's request and at the producing party's expense, unless (1) the document was used as an exhibit in deposition, entered as evidence, or filed, and/or (2) the parties stipulate to destruction in lieu of return.  Notwithstanding the above requirements to return or destroy documents, counsel may retain attorney work product, even if it contains confidential information.  Such work product continues to be confidential under the terms of this Order.  An attorney may use his or her work product in subsequent litigation, provided its use does not disclose confidential documents or their confidential contents.

**C.     Return of Protected Health Information**.  With respect to protected health information, within 30 days after the conclusion of the litigation including conclusion of any appeals, the parties, their attorneys, and any person or entity in

possession of protected health information received from counsel shall return the protected health information to the covered entity or producing party or destroy any and all copies of protected health information, except counsel are not required to secure the return or destruction of protected health information used as an exhibit in deposition or submitted to the Court.  The duty to return or destroy protected health information does not require a request from the producing party or third party.

**XIV.   Dispute Resolution.**  Before a motion is filed in a dispute, the parties will try to resolve the dispute by telephonic conference with the Judge.

**SO ORDERED**, this 26th day of June, 2024.


_____
BENJAMIN W. CHEESBRO
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA